ANDREW S HANSEN (9819; *andrew@hansenip.org*)
**WHITE KNUCKLE GAMING, LLC**
282 Maxine Circle, Bountiful, Utah 84010
Telephone:  (801) 671-3621

In-House Counsel for Plaintiff WHITE KNUCKLE GAMING, LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| White Knuckle Gaming, LLC, a Utah limited liability company,<br><br>Plaintiff,<br>v.<br><br>Electronic Arts, Inc., a Delaware corporation<br><br>Defendant. | Civil Action No. 1:15-cv-00150<br><br>**COMPLAINT FOR  PATENT INFRINGEMENT**<br><br>**Judge Jill N. Parrish** |

Plaintiff White Knuckle Gaming, LLC ("White Knuckle") hereby complains against defendant Electronic Arts, Inc. ("Defendant" or "EA") and for claims of relief alleges as follows:

### PARTIES

1.      White Knuckle is a Utah limited liability company with its principal executive offices located at 282 Maxine Circle, Bountiful, Utah 84010.

2.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 209 Redwood Shores Parkway, Redwood City, California  94065.

3.      Upon information and belief, Defendant may be served through its designated agent for service of process, National Corporate Research, LTD. Corp., 2005 East 2700 South, Suite 200, Salt Lake City, Utah  84109.

## JURISDICTION AND VENUE

4.      This is a civil action for patent infringement brought by White Knuckle for acts committed by Defendant arising under the patent laws of the United States, and more specifically under 35 U.S.C. §§ 271, 281, 283, 284, and 285.  Jurisdiction of this Court is thereby founded upon 28 U.S.C. §§ 1331 and 1338(a).

5.      This also is a civil action with complete diversity of citizenship between White Knuckle (a citizen of Utah) and Defendant (a citizen of Delaware and California) with the amount in controversy exceeding $75,000.  Jurisdiction of this Court is thereby founded upon 28 U.S.C. § 1332.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## FIRST CLAIM FOR RELIEF
(Willful Infringement of U.S. Patent No. 8,540,575)

7.      White Knuckle hereby incorporates the allegations of the preceding paragraphs 1 through 6 of this Complaint into this First Claim for Relief as though fully set forth hereat.

8.      U.S. Patent No. 8,540,575  ("the '575 Patent") issued from the United States Patent and Trademark Office ("PTO") on September 24, 2013, bearing the title "Method and System For Increased Realism In Video Games."  (A true and correct copy of the '575 Patent is attached hereto as Exhibit A and incorporated herein by this reference.).

9.      White Knuckle is the owner of all right, title, and interest in and to the '575 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '575 Patent, and to enjoin acts of infringement of the '575 Patent.

10.     White Knuckle has not licensed or otherwise authorized Defendant to practice the '575 Patent.

11.     Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe one or more claims of the '575 Patent by making, using, selling, and/or offering to sell, in the United States, products and methods that are covered by the '575 Patent, including but not limited to, those products designated or denominated by Defendant as "NBA Live 14," "NBA Live 15," and "NBA Live 16," and methods that are performed by Defendant's computer servers to dynamically affect in-game players of the foregoing video games using "Synergy Sports Technology" and  "Live Seasons" technology.  Upon reason and belief, EA teaches that the use of the Synergy Sports Technology ensures that "what is seen in-game is an accurate representation of how these players act in real life."  Therefore, Defendant is liable for infringement of the '575 Patent pursuant to 35 U.S.C. § 271.

12.     The claims of the '575 Patent were published in US Patent Publication No. US 2010/0137045 A2 (hereinafter the '045 Publication) pursuant to 35 U.S.C. § 122(b). Defendant was notified of Plaintiff's '045 Publication via U.S. certified mail sent June 3, 2010, in which a copy of the '045 Publication was provided to Defendant's CEO John Riccitiello and Mr. Riccitiello was informed that the claims of the '042 Publication were relevant to Defendant's NBA Live games.  On or around April 2014 (after the '575 Patent issued), White Knuckle again sent a letter to EA informing EA of the issuance of the '575 Patent and offering to license the

'575 Patent.  EA did not respond to White Knuckle's request to license the '575 Patent, yet continued to utilize White Knuckle's patented technology.

13.     Defendant's acts of infringement have caused damage to White Knuckle, and White Knuckle is entitled to recover from Defendant the damages sustained by White Knuckle as a result of Defendant's wrongful acts in an amount subject to proof at trial.

14.     As a consequence of the infringement complained of herein, White Knuckle has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '575 Patent.

## PRAYER FOR RELIEF

WHEREFORE, White Knuckle prays for entry of a final order and judgment that:

1.     Defendant is liable for direct infringement of the '575 Patent;

2.     Defendant account for and pay to White Knuckle all damages caused by its infringement of the '575 Patent, all in accordance with 35 U.S.C. § 284;

3.     White Knuckle be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, and all those persons in active concert or participation with them from further acts of patent infringement with respect to the patents-in-suit;

4.     White Knuckle be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '575 Patent;

5.     The Court declare this an exceptional case and that White Knuckle be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

6.      Costs be awarded to White Knuckle; and

7.      White Knuckle be granted such other and further relief as the Court may deem

just and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, White Knuckle demands

trial by jury on all claims and issues so triable.


DATED: November 25, 2015          WHITE KNUCKLE GAMING, LLC

                                  By   /s/ Andrew S. Hansen
                                       Andrew S. Hansen

                                  In-House Counsel for WHITE KNUCKLE GAMING