ANDREW S HANSEN (9819; *andrew@hansenip.org*)
**WHITE KNUCKLE GAMING, LLC**
282 Maxine Circle, Bountiful, Utah 84010
Telephone: (801) 671-3621

In-House Counsel for Plaintiff WHITE KNUCKLE GAMING, LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| White Knuckle Gaming, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Electronic Arts, Inc., a Delaware corporation<br><br>Defendant. | **WHITE KNUCKLE GAMING, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO ELECTRONIC ARTS INC'S MOTION TO DISMISS**<br><br>Case No.: 1:15-cv-00150-JNP-PMW<br><br>U.S. District Court Judge Jill N. Parrish<br><br>Magistrate Judge Paul M. Warner |

In support of its concurrently filed Opposition To Electronic Arts Inc's Motion to Dismiss, White Knuckle Gaming, LLC (WK) hereby requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of attached Exhibits A-E. Judicial notice of these documents is appropriate for the reasons set forth below.

I.  LEGAL ARGUMENT

    A.  Legal Standard

The standard for judicial notice set forth in Federal Rule of Evidence 201 allows a court to take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice if a party requests it and the court is "supplied with necessary information." Fed. R. Evid. 201(c)(2).

Further, a court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state court."[1] Additionally, "a court may take judicial notice of matters of public record outside the pleadings without converting a motion to dismiss" into a motion for summary judgment."[2]

    B.  Exhibits

        Exhibit A: the '575 Patent

---

[1] *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); see also *Hunt v. Check Recovery Sys., Inc.*, 478 F. Supp. 2d 1157, 1160 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records, pleadings.")

[2] *Utah Gospel Mission v. Salt Lake City Corp.*, 316 F. Supp. 2d 1201, 1206 n.5 (D. Utah 2004) (citing *James Wm. Moore et al., Moore's Federal Practice* ¶ 56.30[4] (3d ed.1997)).

Exhibit B: 2014 Examples to be used in conjunction with 2014 Interim Eligibility Guidance. This document is provided by the United States Patent and Trademark Office and is available on its website at http://www.uspto.gov/patents/law/exam/abstract_idea_examples.pdf

Exhibit C: July 2015 Update: Interim Eligibility Guidance Quick Reference Sheet. This document is provided by the United States Patent and Trademark Office and is available on its website at http://www.uspto.gov/sites/default/files/documents/ieg-july-2015-qrs.pdf

Exhibit D: Court Decisions updated July 2015. This document is provided by the United States Patent and Trademark Office and is available on its website at http://www.uspto.gov/sites/default/files/ieg-july-2015-app3.pdf.

Exhibit E: 2014 Quick Reference: 2014 Interim Eligibility Guidance Quick Reference Sheet. This document is provided by the United States Patent and Trademark Office and is available on its website at http://www.uspto.gov/patents/law/exam/2014_eligibility_qrs.pdf.

All of the foregoing documents are appropriate for judicial notice due to the legal authority of the United States Patent and Trademark Office in examining and granting patents.

For the foregoing reasons, WK respectfully requests that the Court grant its request for judicial notice of the above-listed documents.

DATED this 2nd day of February, 2016.

                                        Respectfully Submitted,

                                        */s/ Andrew S. Hansen*
                                        ANDREW S. HANSEN

                                        In House Counsel for Plaintiff WHITE KNUCKLE GAMING, LLC