IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WHITE KNUCKLE GAMING, LLC, a Utah limited liability company,<br><br>               Plaintiff,<br>v.<br><br>ELECTRONIC ARTS, INC., a Delaware corporation,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE BRIEFING UNDER SEAL**<br><br>Case No. 1:15-cv-00150-JNP<br><br>District Judge Jill N. Parrish |

Before the court is Defendant Electronic Arts, Inc.'s Motion for Leave to File Under Seal certain briefing related to a pending motion. (Docket No. 72). For the reasons stated below, the court denies the instant Motion.

## **DISCUSSION**

Under this District's local rules, the "records of the court are presumptively open to the public." DUCivR 5-2(a). Thus, the court may order certain documents or pleadings be sealed "*only* if the document or pleading, or portions thereof, are privileged or protected as a trade secret or otherwise entitled to protection under the law." *Id.* (emphasis added). "The court recognizes that on rare occasions, statutes, rules, and orders in specific cases may require restriction of public access. On motion of a party and a showing of good cause, a judge may order a case, a document, or a portion of a document filed in a civil case to be sealed." *Id.* However, the mere presence of "confidential information" in a document is insufficient justification for filing that document under seal. *See id.* 5-2(a)(1).

Here, Defendant moves this court to seal its supplemental brief and accompanying declaration in support of its Motion for Exceptional Case Finding and Award of Attorney's Fees.

(Docket No. 51). However, Defendant has not provided the court with any basis under DUCivR 5-2(a) to justify the filing of this document under seal. Defendant has only stated that the information regarding its "legal expenses in this matter are sensitive business information . . . and have been maintained as confidential," (Docket No. 72, at 2), and that counsel's billing rates are "strictly confidential and privileged," (*Id.* at 3). The mere presence of allegedly "confidential information" is insufficient to justify an order to seal in this case. *See* DUCivR 5-2(a)(1). Thus, Defendant has failed to make a showing of "good cause" in this instance. *Id.*5-2(a).

## CONCLUSION

Based on the foregoing, the court **DENIES** Defendant's Motion for Leave to Seal. (Docket No. 72).

IT IS SO ORDERED.

Signed this 29th day of June, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge